UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOHN STAGGERS DODSON LOVE STEWART | ) ) ) | CASE NO. 1:10 CV 1187 |
| Plaintiffs, | ) ) ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) ) | |
| CUYAHOGA COUNTY CODE INSPECTORS | ) ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) | |

*Pro se* Plaintiffs John Staggers Dodson and Love Stewart filed this action against the "Cuyahoga County Code Inspectors" and the "City of Cleveland Code Inspectors."[1] In the Complaint, Plaintiffs assert that Cleveland City Code Inspectors have not completed inspections on his investment properties, causing them to remain vacant. He seeks $ 106,900.00 in damages.

**Background**

John Dodson claims he owns two properties in the City of Cleveland: one at 9522 Raymond Avenue and one at 1057 E. 71st. Street. He states that Cleveland Housing Code Inspector Sheila

---

[1] Mr. Dodson lists his address as 438 Hemingway Lane, Roswell, Georgia, but it appears he presently is incarcerated in the Howard County Department of Corrections in Jessup, Maryland.

Brown examined his Raymond Avenue property and indicated to him that it did not contain housing code violations. He states she agreed to fax a copy of the inspection report to the "Illuminating Company" so the utilities could be activated. He contends the Illuminating Company did not receive the report. Ms. Brown is no longer employed by the City of Cleveland as a housing code inspector. He claims his property at East 71st Street was not inspected. Both properties remain vacant. The property at Raymond Avenue was vandalized. He alleges that the recent corruption charges against the former Cuyahoga County Auditor and members of his staff have resulted in a cessation of inspections. He asserts damages for loss of the value of renovations to the properties, the cost of labor, and the loss of investment income from the properties.

## Analysis

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

While the Complaint lists John Staggers Dodson and Love Stewart as Plaintiffs, only Mr.

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

Dodson signed the Complaint. There is no indication that Mr. Dodson is an attorney authorized to represent others. His signature alone is ineffective to bring the claims of Love Stewart before the Court. A litigant who wishes to proceed *pro se* must personally sign the complaint to invoke this court's jurisdiction. *See* 28 U.S.C. § 1654; *Steelman v. Thomas*, No. 87-6260, 1988 WL 54071 (6th Cir. May 26, 1988). Because Mr. Dodson is the only Plaintiff to sign the Complaint, this Court will address only those claims asserted by him.

As an initial matter, Mr. Dodson fails to identify a legal theory upon which he seeks to base this action. He provides a short narrative of facts and then concludes that the Defendants are liable to him for damages. Mr. Dodson indicates on the Civil Cover Sheet filed along with his Complaint that this Court has federal question jurisdiction and indicates the nature of his suit is "other civil rights." Based on this statement, it is plausible that Mr. Dodson intended to file an action under 42 U.S.C. §1983.

To establish a prima facie case under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Mr. Dodson has not set forth sufficient allegations to establish these criteria.

First, Mr. Dodson has not alleged facts to show that these Defendants are liable to him. He names the "Cuyahoga County Code Inspectors et. al." and the "City of Cleveland Code Inspectors et. al." as Defendants. To the extent that Mr. Dodson intended to bring an action against individual Code Inspectors, he failed to state a claim upon which relief may be granted. A Plaintiff cannot establish the liability of any Defendant absent a clear showing that the specific Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior.

3

*Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Mr. Dodson's general identification of "Code Inspectors" is not sufficient to demonstrate personal involvement by any particular individual. His claims against any of these Defendants as individuals are dismissed.

To the extent that he seeks to bring an action against Cuyahoga County and the City of Cleveland, he has also failed to state a claim. As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can therefore only be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). The Complaint asserts that an unnamed Cleveland City Housing Code Inspector conducted an inspection on one property but did not fax the results to the Illuminating Company. Plaintiff claims the City of Cleveland did not conduct an inspection on his second property. He contends this is a result of corruption in the Cuyahoga County Auditor's office. While the City of Cleveland is in Cuyahoga County, the City and the County maintain two separate governments. There is no suggestion in the Complaint of a custom or policy of the City of Cleveland which may have resulted in the deprivation of a federally protected right of the Plaintiff. Moreover, while Mr. Dodson does allege that the Cuyahoga County Auditor's office engaged in bribery and corruption, he does not allege that anyone from that office participated in his inspections. There is no indication that any

policy of the County was connected to the activities giving rise to his claims.

Furthermore, even if Mr. Dodson had identified a policy of either the City of Cleveland or Cuyahoga County that gave rise to the events described in the Complaint, he fails to identify a particular constitutional or statutory right upon which he seeks to base his § 1983 cause of action. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Moreover, Plaintiff's failure to identify a particular legal theory in his Complaint places an unfair burden on the Defendants to speculate on the potential claims that the Plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. *See Wells v. Brown*, 891 F.2d at 594. Even liberally construed, the Complaint does not sufficiently state the claim or claims upon which Plaintiff intends to base a §1983 action.

Finally, to the extent Mr. Dodson intended to assert a cause of a action other than one under 42 U.S.C. § 1983, he has not done so. He provides no indication of a cause of action and none is apparent on the face of the pleading.

**Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED: November 2, 2010

---

[3] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.